# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY as subrogee of Kingsfield Properties Limited LP | |
| Plaintiff, | Civil Action No. 4:18-cv-70 |
| vs. | |
| QUALITY COMMUNITY SERVICES, INC. | **COMPLAINT** |
| and | **(DEMAND FOR JURY TRIAL)** |
| AMANDA LINCOLN | |
| Defendants. | |

Plaintiff, Westfield Insurance Company as subrogee of Kingsfield Properties Limited LP (hereinafter referred to as "Plaintiff"), by and through its undersigned attorneys, hereby brings this Complaint against Defendants, Quality Community Services, Inc. and Amanda Lincoln, and alleges as follows:

## THE PARTIES

1. Plaintiff, Westfield Insurance Company (hereinafter "Westfield"), is a corporation duly organized and existing under the laws of the State of Ohio with its principal place of business located at One Park Circle, Westfield Center, Ohio 44521.

2. At all times relevant hereto, Westfield was duly authorized to transact business and issue policies of insurance in the State of Indiana.

3. Defendant, Quality Community Services, Inc. (hereinafter "Quality Community"), is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 3411 Knobs Valley Drive, Floyds Knobs, Indiana 47119.

4. Defendant, Amanda Lincoln, is an adult individual who is a citizen of the State of Indiana and resides at 7421 N. Sheffield Court, Lanesville, Indiana 47136.

## JURISDICTION

5. Plaintiff, Westfield, is a citizen of a different state than Defendants.

6. The amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Accordingly, the United States District Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

## VENUE

8. Pursuant to 28 U.S.C. §1391, venue is proper in the United States District Court for the Southern District of Indiana because it is the judicial district within which a substantial part of the events giving rise to Plaintiff's claim occurred, which is 100 Mills Lane, New Albany, Indiana.

## BACKGROUND

9. At all times relevant hereto, Plaintiff's insured, Kingsfield Properties Limited LP (hereinafter "Kingsfield"), owned an apartment complex located at 100 Mills Lane, New Albany, Indiana ("the Property).

10. At all times relevant hereto, Plaintiff issued a policy of insurance to Kingsfield with such policy insuring the Property and insuring against other losses under policy number 7987071 (hereinafter "the Policy").

11. At all times relevant hereto, Defendant, Quality Community, was in the business of, *inter alia*, providing home care services.

12. At all times relevant hereto, Defendant, Quality Community, operated by and through its agents, employees, servants and/or workmen.

13. At all times relevant hereto, Quality Community employed Defendant, Amanda Lincoln.

14. On or about September 12, 2017, while in the course and scope of her employment with Quality Community, Defendant Lincoln provided home care services to the occupants of Unit 290 of the Property.

15. On or about September 12, 2017, Defendant Lincoln carelessly and/or negligently discarded a cigarette on the patio of Unit 290.

16. Due to the negligent and/or careless conduct of Defendants, a fire ignited on the patio of Unit 290.

17. The fire subsequently spread throughout the apartment complex causing significant damage to the Property.

18. As a direct and proximate result of the September 12, 2017 fire, Kingsfield sustained damages in an amount in excess of $75,000.00.

19. In accordance with the terms and conditions of the Policy, Westfield waived the deductible and has made payments to or on behalf of Kingsfield for the entire loss suffered by Kingsfield in an amount in excess of $75,000.00.

20.     By virtue of the payments made to Kingsfield for the subject fire loss, and pursuant to the Policy, Westfield is legally, equitably and contractually subrogated to the rights of its insured to the extent of those payments.

### COUNT I-NEGLIGENCE
### Plaintiff v. Amanda Lincoln

21.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth at length.

22.     Defendant, Amanda Lincoln, had a legal duty to exercise reasonable care in properly discarding smoking and/or other materials so as to prevent reasonably foreseeable harm to other persons and property, including the real property of Kingsfield.

23.     The fire loss and resulting damage sustained by Plaintiff was caused by the negligence, carelessness, breach of duty of care, negligent acts and/or omissions of Defendant, Amanda Lincoln, acting within the course and scope of her employment, both generally and specifically as follows by:

      a.  Carelessly and improperly disposing of smoking and/or other flammable materials;

      b.  Carelessly discarding smoking and/or other flammable materials on the patio of Unit 290 at the Property;

      c.  Failing to safely extinguish and discard smoking and/or other flammable materials which ignited combustibles causing the fire that is the subject matter of this litigation;

    d.    Failing to notice, observe, understand, discern and/or perceive the dangerous condition caused by discarding smoking materials too close to combustibles;

    e.    Failing to notice, observe, understand, discern and/or perceive the dangerous condition caused by failing to properly extinguish smoking materials and the byproducts thereof;

    f.    Failing to act in a reasonably prudent manner while smoking and discarding smoking materials on the patio of Unit 290 where same could contact other combustible materials;

    g.    Failing to take necessary and reasonable precautions in order to safeguard the property of others against the risk of harm from fire;

    h.    Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which Defendant Lincoln knew or in the exercise of reasonable care, should have known;

    i.    Failing to take reasonable precautions when disposing of smoking and/or other flammable materials; and

    j.    Such other careless and negligent conduct, acts and/or omissions as may be revealed through discovery and trial.

24.    The September 12, 2017 fire loss occurred as the direct and proximate result of the aforesaid breach of duty, negligence, carelessness and/or negligence acts and omissions of Defendant, Amanda Lincoln.

25. As a result of Defendant Lincoln's negligence, Plaintiff's insured sustained damage to its property in an amount in excess of $75,000.00.

26. In accordance with the terms and conditions of the Policy, Westfield has made payments to or on behalf of its insured in an amount in excess of $75,000.00.

27. By virtue of the payments made to its insureds and pursuant to the terms and conditions of the Policy, Plaintiff, Westfield, is legally, equitably and contractually subrogated to the rights of its insured with regard to all claims against Defendant, Amanda Lincoln.

**WHEREFORE,** Plaintiff, Westfield Insurance Company as subrogee of Kingsfield Properties Limited LP, demands judgment for damages in its favor and against Defendants, Amanda Lincoln and Quality Community, individually, jointly, severally, or in the alternative, in an amount in excess of $75,000.00, together with interest, costs and such other relief this Honorable Court deems just and proper under the circumstances.

## COUNT II - NEGLIGENCE
### Plaintiff v. Quality Community Services, Inc.

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27 as though fully set forth herein at length.

29. Defendant, Quality Community, had a legal duty to exercise reasonable care in the way it conducted its business activities so as to prevent reasonably foreseeable harm to other persons and property, including the real property of Kingsfield.

30. The fire loss and resulting damage sustained by Plaintiff was caused by the negligence, carelessness, breach of duty of care, negligent acts and/or omissions of Defendant, Quality Community, its employees, agents, servants, workmen, acting within

the course and scope of their employment and agency, both generally and specifically as follows by:

    a.    Failing to adequately, properly and safely train and supervise its agents, servants, workmen and/or employees so as to prevent the careless disposal of smoking materials and prevent fires;

    b.    Failing to establish proper procedures and practices for its agents, employees, servants and/or workmen who Defendant knew, or in the exercise of reasonable care, should have known were smoking during the course and scope of their employment at the Property;

    c.    Failing to prevent its employees, agents, servants and/or workmen from carelessly smoking at the Property; and

    d.    Otherwise failing to take reasonable precautions against careless smoking by its employees, agents, servants and/or workmen.

31. The September 12, 2017 fire loss occurred as the direct and proximate result of the aforesaid breach of duty, negligence, carelessness and/or negligence acts and omissions of Defendant, Quality Community.

32. As a result of Defendant, Quality Community's negligence, Plaintiff's insured sustained damage to its property in an amount in excess of $75,000.00.

33. In accordance with the terms and conditions of the Policy, Westfield has made payments to or on behalf of its insured in an amount in excess of $75,000.00.

34. By virtue of the payments made to its insureds and pursuant to the terms and conditions of the Policy, Plaintiff, Westfield is legally, equitably and contractually

subrogated to the rights of its insured with regard to all claims against Defendant, Quality Community.

**WHEREFORE,** Plaintiff, Westfield Insurance Company as subrogee of Kingsfield Properties Limited LP, demands judgment for damages in its favor and against Defendants, Amanda Lincoln and Quality Community, individually, jointly, severally, or in the alternative, in an amount in excess of $75,000.00, together with interest, costs and such other relief this Honorable Court deems just and proper under the circumstances.

### COUNT III- RESPONDEAT SUPERIOR
### Plaintiff v. Quality Community Services, Inc.

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein at length.

36. At all relevant times hereto, Defendant, Quality Community, was acting through its agents, servants, workmen and/or employees, who were acting within the scope and course of their employment.

37. The September 12, 2017 fire loss and resulting damage was caused by the careless smoking of Defendant's agents, servants, workmen and/or employees, who were acting within the scope and course of their employment.

38. Defendant, Quality Community, knew or in the exercise of reasonable care, should have known of the risk posed by the careless smoking of its agents, servants, workmen and/or employees, who were acting within the scope and course of their employment.

39. Defendant, Quality Community, is vicariously liable under the doctrine of *respondeat superior* for its employee's negligence.

**WHEREFORE,** Plaintiff, Westfield Insurance Company as subrogee of Kingsfield Properties Limited LP, demands judgment for damages in its favor and against Defendants, Amanda Lincoln and Quality Community, individually, jointly, severally, or in the alternative, in an amount in excess of $75,000.00, together with interest, costs and such other relief this Honorable Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands Trial by Jury.

Respectfully submitted,

s/Stephen L. Huddleston
Stephen L. Huddleston,
Counsel for Plaintiff

Huddleston & Huddleston
Clarke House
98 West Jefferson Street
Post Office Box 9
Franklin, Indiana  46131
Telephone  No. (317) 736-5121
Fax No. (317) 736-5137
Attorney No. 7819-41
Email:  Stephen@Huddlestonlaw.com